IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACTIFIO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| DELPHIX CORP., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Actifio, Inc. ("Actifio"), for its Complaint against Defendant Delphix Corp. ("Delphix"), alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement.

### THE CONTROVERSY

2. Actifio was founded in 2009 by Ash Ashutosh and David Chang, recognized leaders in the field of data storage, with more than 40 years of combined experience.

3. Mr. Ashutosh and Mr. Chang are highly successful entrepreneurs having previously co-founded AppIQ in 2001, which was acquired by Hewlett-Packard in 2005. They again joined together in 2009 to found Actifio.

4. Under Mr. Ashutosh's and Mr. Chang's leadership, Actifio pioneered the concept of building a single, unified, data management product to transform the storage industry. Similar to companies like VMware and Microsoft with their server virtualization technologies, Actifio's pioneering and innovative technology allows companies that previously needed an array of proprietary software and storage hardware to use Actifio's single, unified, and technically elegant product.

5. Actifio's investors are some of the largest and most successful venture capital and private equity investors in the industry with a proven track record of backing long-term market category leaders.

6. Actifio's innovation has garnered many accolades. Actifio has been recognized, for example, by Forbes magazine as one of the top 50 "most promising companies" in the United States.

7. Actifio invests heavily in developing intellectual property related to its innovative products and services. Actifio owns seven patents and has many additional patent applications pending to protect its innovative and proprietary systems and methods.

8. Delphix has infringed and continues to infringe several Actifio patents, to Actifio's detriment.

## THE PARTIES

9. Actifio is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 333 Wyman Street, Waltham, Massachusetts 02451.

10. Delphix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 275 Middlefield Road, Suite 50, Menlo Park, California 94025.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Delphix at least because it is incorporated in Delaware and maintains substantial, continuous, and systematic general business contacts in Delaware.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## GENERAL ALLEGATIONS

14. Actifio is the owner, by assignment, of all right, title, and interest in U.S. Patent No. 8,299,944 (the "'944 patent"), entitled "System and method for creating deduplicated copies of data storing non-lossy encodings of data directly in a content addressable store." The '944 patent issued on October 30, 2012. The named inventor of the '944 patent is Christopher A. Provenzano. A copy of the '944 patent is attached as Exhibit A.

15. Actifio is the owner, by assignment, of all right, title, and interest in U.S. Patent No. 8,788,769 (the "'769 patent"), entitled "System and method for performing backup or restore operations utilizing difference information and timeline state information." The '769 patent issued on July 22, 2014. The named inventors of the '769 patent are Philip Abercrombie, Madhav Mutalik, Christopher A. Provenzano, and Mark A. Roman. A copy of the '769 patent is attached as Exhibit B.

16. Delphix's "Agile Data Platform" products and services (the "accused products") are offered for sale and infringe the '944 and the '769 patents (collectively, the "Patents-in-Suit").

17. On information and belief, Delphix operates, advertises, and/or controls the website http://www.delphix.com, through which Delphix advertises, sells, offers to sell, provides, and/or educates customers about the accused products.

18. Delphix's manufacture, use, sale, offer for sale, and/or importation of infringing products is damaging and will continue to damage Actifio, causing irreparable harm, for which there is no adequate remedy at law, unless Delphix's wrongful acts are enjoined by this Court.

## COUNT I
### (Infringement of U.S. Patent No. 8,299,944)

19. Actifio repeats the allegations in paragraphs 1-18 of this Complaint as if fully set forth herein.

20. Delphix has infringed, and is continuing to infringe, one or more claims of the '944 patent, either literally and/or under the doctrine of equivalents.

21. Delphix has been and is currently directly infringing, and will continue to directly infringe, one or more claims of the '944 patent by making, using, importing, offering to sell, and/or selling the accused products, in violation of 35 U.S.C. § 271(a).

22. On October 4, 2013, Delphix brought a patent infringement action against Actifio in the United States District Court for the Northern District of California alleging that Actifio infringed three Delphix-owned patents.

23. On March 5, 2014, Delphix filed a Declaratory Judgment action against Actifio in the United States District Court Court for the Northern District of California alleging that two Actifio-owned patents were not infringed by Delphix and were invalid.

24. On April 16, 2014, Actifio answered Delphix's Declaratory Judgment Complaint and asserted counterclaims of infringement. In its counterclaims, Actifio stated that it owns six patents and has many additional patent applications pending to protect its innovative proprietary systems and methods.

25. On information and belief, in the wake of ongoing patent litigation between the parties, Delphix has continuously monitored and reviewed Actifio's patent portfolio since at least April 16, 2014.

26. In the pending litigation in California, Actifio produced to Delphix copies of all of Actifio's patents and published applications, including a copy of the '944 patent, on May 15, 2014. Delphix has had actual knowledge of the '944 patent since at least that date.

27. Delphix has actively induced and contributed to the infringement of the '944 patent by others by causing its customers to use the accused products, and will continue to do so.

28. Delphix has been and is currently inducing infringement of one or more claims of the '944 patent, and will continue to do so, by encouraging customers and others to use the accused products in a manner that directly infringes one or more claims of the '944 patent. Despite its knowledge of the existence of the '944 patent since at least May 15, 2014, Delphix, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use the accused products in a manner that infringes one or more claims of the '944 patent. Upon information and belief, Delphix has specifically intended and specifically intends that its customers use the accused products in a manner that infringes one or more claims of the '944 patent by, at minimum, providing instructions and/or support documentation directing customers on how to use the accused products in such an infringing manner, in violation of 35 U.S.C. § 271(b).

29. Delphix has been and is currently contributing to the infringement of one or more claims of the '944 patent, and will continue to do so. Upon information and belief, Delphix knows that the accused products are especially made and/or adapted for users to infringe one or

more claims of the '944 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Delphix's manufacture and sale of the accused products constitutes contributory infringement in violation of 35 U.S.C. § 271(c).

30. On information and belief, Delphix has willfully infringed and continues to willfully infringe one or more claims of the '944 patent despite its knowledge of the '944 patent and despite an objectively high likelihood that the sale and use of the accused products would directly and indirectly infringe one or more claims of the '944 patent.

31. Actifio is entitled to recover from Delphix the damages sustained as a result of Delphix's infringing acts in an amount not yet determined. Delphix's infringement of the '944 patent will continue to damage Actifio, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
### (Infringement of U.S. Patent No. 8,788,769)

32. Actifio repeats the allegations of paragraphs 1-18 of this Complaint as if fully set forth herein.

33. Delphix has infringed, and is continuing to infringe, one or more claims of the '769 patent, either literally and/or under the doctrine of equivalents.

34. Delphix has been and is currently directly infringing, and will continue to directly infringe, one or more claims of the '769 patent by making, using, importing, offering to sell, and/or selling the accused products, in violation of 35 U.S.C. § 271(a).

35. Delphix is currently inducing infringement of one or more claims of the '769 patent, and will continue to do so, by encouraging customers to use the accused products in a manner that directly infringes one or more claims of the '769 patent. Despite its knowledge of the existence of the '769 patent, since at least the filing of this Complaint, Delphix, upon

information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use the accused products in a manner that infringes one or more claims of the '769 patent. Upon information and belief, Delphix specifically intends that its customers use the accused products in a manner that infringes one or more claims of the '769 patent by, at minimum, providing instructions and/or support documentation directing customers on how to use the accused products in such an infringing manner, in violation of 35 U.S.C. § 271(b).

36. Delphix has been and is currently contributing to the infringement of one or more claims of the '769 patent, and will continue to do so. Upon information and belief, Delphix knows that the accused products are especially made and/or adapted for users to infringe one or more claims of the '769 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Delphix's manufacture and sale of the accused products constitutes contributory infringement in violation of 35 U.S.C. § 271(c).

37. Actifio is entitled to recover from Delphix the damages sustained as a result of Delphix's infringing acts in an amount not yet determined. Delphix's infringement of the '769 patent will continue to damage Actifio, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Actifio demands a trial by jury on all issues properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Actifio requests that the Court enter judgment in its favor and against Delphix, granting the following:

A. Judgment that Delphix has infringed one or more claims of each of the Patents-in-Suit;

B. Judgment that Delphix has induced others to infringe one or more claims of each of the Patents-in-Suit;

C. Judgment that Delphix has contributed to infringement by others of one or more claims of each of the Patents-in-Suit;

D. Judgment that Delphix's direct and indirect infringement of the '944 patent has been willful;

E. An Order finding that Delphix's actions make this case exceptional under 35 U.S.C. § 285 and awarding Actifio its reasonable attorneys' fees;

F. An award of damages adequate to compensate Actifio for Delphix's infringement, under 35 U.S.C. § 284, as well as prejudgment and post-judgment interest;

G. An order preliminarily and permanently enjoining Delphix, its officers, agents, servants, employees, and attorneys, and all those persons acting in concert or participation with them from further acts of infringement of the Patents-in-Suit;

H. An award of treble damages for willful infringement of the '944 patent;

I. An award of costs and expenses in this action; and

J. An award to Actifio of such further relief as this Court deems just and proper.

OF COUNSEL:

Maximilian A. Grant
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

S. Giri Pathmanaban
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

July 23, 2014
8401960.1

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff Actifio, Inc.*